NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES U.-A., | Civil Action No. 20-251 (SRC) |
| Petitioner, | |
| v. | OPINION |
| WILLIAM ANDERSON, | |
| Respondents. | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Charles U.-A., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4). Petitioner did not file a reply. For the following reasons, this Court will dismiss the habeas petition without prejudice.

## I. BACKGROUND

In denying Petitioner's previous immigration habeas petition, this Court summarized the background of Petitioner's current detention as follows:

> Petitioner is a native and citizen of Nigeria who entered this country in April 1986 as a temporary visitor authorized to remain in the United States until April 20, 1986. Petitioner did not depart at the expiration of his authorization. Based on Petitioner's failure to depart and decades of overstay, Petitioner was taken into immigration custody in July 2013 and placed into removal proceedings. Although Petitioner's criminal history at the time of his initial detention included a March 2013 New Jersey conviction for use of the ID of another driver, an identity theft offense which resulted in a three year prison sentence[,] Petitioner was at that time detained pursuant to the Government's discretionary detention

1

> authority under 8 U.S.C. § 1226(a).  Petitioner thereafter requested a bond hearing and was granted bond in the amount of $ 12,000 in September 2013.  Petitioner apparently paid this bond and was released from immigration custody on September 23, 2013.  On September 17, 2014, Petitioner filed an application for relief in the immigration court.
>
> While out on bond, Petitioner was arrested in March 2015 for offenses including fraud and obstruction of the highways in New Jersey.  Based on this arrest, Petitioner was taken back into immigration detention.  On July 30, 2015, however, Petitioner sought and was once again granted bond, this time in the amount of $ 6,000.  Petitioner paid this bond and was again released on August 4, 2015.  Petitioner was thereafter convicted of use of fraud in New Jersey arising out of his March 2015 arrest on August 6, 2015.
>
> On June 21, 2018, Petitioner was arrested on domestic violence charges.  Following this arrest, the Government took Petitioner back into custody on June 22, 2018.  Petitioner once again sought bond, but his request for bond was ultimately denied on September 6, 2018, as the immigration judge determined that Petitioner was now subject to mandatory detention under 8 U.S.C. § 1226(c) as his criminal record now included convictions for two crimes involving moral turpitude in the form of his fraud and use of another's identification convictions.  Litigation of Petitioner's removal proceedings thereafter continued, with Petitioner filing further applications for relief from removal in November 2015 and May 2019.  Following multiple delays to permit Petitioner to prepare, replace his counsel, and file new applications for relief some six years into his removal proceedings, the immigration judge ordered Petitioner removed on June 5, 2019.

*Uche A. v. Anderson*, No. 19-15249, 2019 WL 6464010, at *1 (D.N.J. Dec. 2, 2019) (record citations omitted).

On July 8, 2019, Petitioner filed an appeal of his removal order with the Board of Immigration Appeals ("BIA").  (Document 6 attached to ECF No. 4 at 5).  The BIA dismissed Petitioner's appeal and affirmed his order of removal by way of a decision issued on December 4, 2019.  (*Id.*).  Petitioner thereafter filed a petition for review with the Third Circuit accompanied by a motion seeking a stay of his now final order of removal.  (Document 5 attached to ECF No.

x

4 at 1-4). Pursuant to a standing order of the Court of Appeals, Petitioner's motion seeking a stay was temporarily granted by the Clerk of the Third Circuit on December 20, 2019. (*Id.* at 4). On March 24, 2020, however, a motions panel of the Third Circuit entered an order which denied the motion for a stay of removal and vacated temporary stay Petitioner had received in December 2019. (Third Circuit Docket No. 19-3955 at Document No. 17).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner argues that his continued immigration detention pursuant to 8 U.S.C § 1226(c) for without a bond hearing violates his right to Due Process in light of the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Despite Petitioner's

contention that he is held under § 1226(c), because Petitioner is subject to an administratively final order of removal, and because the Third Circuit has now denied his motion for a stay, his detention has shifted from pre-final order detention under 8 U.S.C. § 1226(c) to post-final order detention under 8 U.S.C. § 1231(a).  *See, e.g., Leslie v. Att'y Gen.*, 578 F.3d 265, 268-72 (3d Cir. 2012) (alien's detention after the issuance of an administratively final order of removal will revert to pre-final order detention only where a court grants him a stay of removal).  As Petitioner's current detention arises out of § 1231(a), the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018).[1]

As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2).  After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue.  (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonable necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.]  After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018).  Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less

---

[1] Because Petitioner is now detained pursuant to § 1231(a), any challenge he may have had to his previous detention under § 1226(c) has been rendered moot and must be dismissed as such.  *See Rodney v. Mukasey*, 340 F. App'x 761, 764-65 (3d Cir. 2009).

4

than six months must be dismissed as premature. *Id.*; *Zadvydas*, 533 U.S. at 701. Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those alien's whose detention under § 1231(a) has become unreasonably prolonged, the Third Circuit expressly held that an alien is not entitled to a bond hearing under *Guerrero-Sancehz* until the six month presumptively reasonable period discussed in *Zadvydas* has elapsed. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F3.d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus clearly establish that an alien detained pursuant to § 1231(a) must be held during the statutory ninety-day removal period and that he may not challenge his detention under the statute until he has been detained under it for at least six months. As Petitioner only entered the removal period on March 24, 2020, when his motion for a stay was denied and his temporary stay was vacated by the Third Circuit, he is still currently well within the ninety day removal period, and has been detained under § 1231(a) for considerably less than six months. His current habeas petition must therefore be dismissed as premature.

**III. CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as premature to the extent it challenges his current detention under § 1231(a), and as moot to the extent it challenges his now concluded detention under § 1226(c). An appropriate order follows.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 4, 2020